### The Blenheim.

### Ball v. Winslow.   (Two Cases.)

*(Circuit Court, D. Massachusetts.   August 20, 1883.)*

1. COLLISION—EVIDENCE—FAULT.
    The evidence in this case, upon examination, appears to sustain the judgment of the district court, and it is accordingly affirmed.
    *The Blenheim,* 14 FED. REP. 797, affirmed.
2. SAME—VALUATION OF VESSEL—TORT—TIME AND PLACE.
    The maxim that damages for a tort are to be assessed as of the time and place at which the tort is committed, must be taken with a good deal of allowance, so far as the place is concerned.   If a foreign ship is destroyed in American waters, and if in such a place her market value is low by reason of our navigation laws, the measure of damages for her loss would be her value in the home port.

In Admiralty.

*Frank Goodwin,* for Ball.

*Almon A. Strout,* for Winslow.

LOWELL, J.   The causes of this collision are obscured by the usual conflict of testimony; but, after a careful study of the record, I concur in the conclusions of the district judge in *The Blenheim,* 14 FED. REP. 797, that the brigantine is not proved to have contributed to the disaster by a change of course.   That her people tried to deaden her way, is proved; but, if that is all, no possible injury can have resulted from their action.   I find the preponderance of the evidence to be that whatever they did was done in the last extremity, and was not the cause, in whole or in part, of the collision.

The objection taken to the assessor's report, ably argued as a point of law, is rather one of fact.   The valuation of $12,000 for the ship was adopted from the evidence of two persons who were well acquainted with her, one of whom had an interest in the result, and the other not.   The experts called on behalf of the claimants, who estimated the ship at about $1,500 less, candidly admitted that they should prefer the opinion of persons who had actual knowledge.

The point that the market value at Demarara should be the measure of damages, because the collision happened within a few miles of a port in that country, is not in the case, because there is no evidence from either side of such value.   I will say, however, that the maxim that damages for a tort are to be assessed as of the time and place at which the tort is committed, must be taken with a good deal of allowance, so far as the place is concerned.   If a foreign ship is destroyed in American waters, and if in such a place her market value is low by reason of our navigation laws, the measure of damages for her loss would be her value in the home market.   However, that point is merely a moot one in this case.   The witnesses on both sides have adopted the home market in making their estimates, and the assessor has decided fairly and justly upon the weight of the evidence.   Decrees affirmed.